HENRY WILDE ET AL., APPELLANTS, V. HENRY A. HOMAN ET AL., APPELLEES.

FILED JUNE 8, 1899.   No. 8918.

Deed as Mortgage. The evidence *held* sufficient to sustain the findings and decree of the district court.

APPEAL from the district court of Douglas county. Heard below before POWELL, J. *Affirmed.*

*M. D. Hyde,* for appellants.

*Hall & McCulloch* and *Charles W. Haller, contra.*

HARRISON, C. J.

It appears herein that Henry A. Homan, of appellees, became the owner of a portion of a lot in Omaha, the property now in suit, by purchase from Charles E. Mc-

Daniels, and the title to the property was conveyed to the former by deed of date June 29, 1873. On August 12, 1873, Henry A. Homan executed and delivered to his father, George W. Homan, a mortgage on the property as security to the father for any payments he might make of debts of the son, the notes evidencing which had been signed by the father as surety. On February 9, 1876, the son conveyed the property to his father by what was in form a "warranty deed," and the mortgage to which we have referred was discharged or released of record. The deed last mentioned was without any expressed consideration. The father subsequently conveyed the property to Carrie W. Homan, who was his second wife, at whose death, which occurred after she had become the apparent owner of the property, the title to it was assumed to have vested in her father and mother, the plaintiffs herein. They executed and delivered a conveyance of it to George W. Homan, in which conveyance were expressed certain conditions relative to the payment by the grantee of incumbrances, a mortgage and the taxes, also that he pay to the grantors and the survivor of them until death the sum of $50 on the first of each and every month of the time, and in default of the conditions or a condition, the conveyance might be declared void by and at the option of the parties or party entitled to the fulfillment of said conditions. The plaintiffs pleaded their ownership of the property, the conveyance to George W. Homan, the conditions of the transfer and defaults or non-compliances with them, and demanded that any rights under the instrument of conveyance be declared forfeited and it avoided. They further pleaded that George W. Homan died on or about July 5, 1886, and by will his property, inclusive of the property in controversy, was given to his children, five in number, and this property had been so conveyed that the title to it was claimed by, and apparently was in, Henry A. Homan. The appellee Henry A. Homan answered that the conveyance from him to his father, George W. Homan, was, while in form absolute,

in fact but a mortgage, and that it was so was well known to all the parties and to Carrie W. Homan, and denied that appellants ever acquired or had any title to the property. There was a reply for the plaintiffs. For Clinton Orcutt, who was interpleaded, there was an answer in the nature of a cross-bill, in which there was stated an indebtedness of Henry A. Homan to the cross-petitioner, and to secure its payment the execution and delivery of a mortgage on the property in suit by the former to the latter person, and the foreclosure of the mortgage was asked. A trial of the issues joined resulted in a decree by which the plaintiffs were adjudged to have no right or title in or to the property. The title was established in Henry A. Homan, and Clinton Orcutt accorded a foreclosure of his asserted incumbrance. The plaintiffs have appealed.

The main point made in argument for appellants is that the evidence is insufficient to sustain the findings and decree, and the rule is invoked that to support an assertion that a conveyance absolute on its face is a conditional one, or a mortgage, the evidence of the party who claims such character for the instrument must be quite clear, satisfactory, and convincing to the effect which he has alleged (*Roddy v. Roddy*, 3 Neb. 99; *Stall v. Jones*, 47 Neb. 706); and it is also urged in this connection that the appellants were representatives of the deceased, George W. Homan, and Henry A. Homan, an interested party in the result of the suit; hence incompetent to testify of and concerning the transactions between himself and his deceased father in regard to the property in controversy. We have carefully examined and considered the evidence, and if it be conceded that portions of the testimony of Henry A. Homan in regard to what took place between himself and his father at the time of the conveyance of the property by the son to the father, and the accompanying and attendant conversations and agreements could not be detailed by the son in this action, were not competent, also bearing in mind the doctrine in regard

to evidence in causes of the nature of the one at bar, yet we must conclude that there is evidence satisfactory in its character and effect which leads to the decisions embodied in the decree and it is sufficient to support them. This being true, the decree must be

AFFIRMED.